313 F.2d 869
 LOCAL UNION 984, INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA,
et al., Appellants,
v.
The HUMKO COMPANY, Inc. (A Dvivision of National Dairy
Products Corporation), Appellee.
 No. 14931.
 United States Court of Appeals Sixth Circuit.
 Feb. 14, 1963.
 
 Charles J. Morris, Dallas, Tex. (Mulinax, Wells, Morris & Mauzy, L.N.D. Wells, Jr., Aglaia D. Mauzy, Dallas, Tex., David Previant, Milwaukee, Wis., on brief), for appellant.
 Clarence E. Clifton, Memphis, Tenn. (John B. Mack, J. W. Kirkpatrick, Memphis, Tenn., on brief), for appellee.
 Before MILLER, WEICK and SMITH,[1] Circuit Judges.
 PER CURIAM.
 
 
 1
 The only issue on the remand was whether the award of damages for salaries and expenses of trainees resulting from the secondary boycott at Champaign included loss of time and expense resulting from the strike at Memphis. The District Court adopted additional findings in which he specifically found that no part of the award included damages resulting from that strike.
 
 
 2
 The evidence disclosed that the strike at Memphis started on July 8, 1957 at which time picketing began. J. H. Kirby, Senior Vice President of Humko testified that when the strike started he 'told the men to go to the hotel and stay.' He testified further that during the first week almost all of the trainees did stay in the hotel and that there was an interruption of a few days in their training as a result of the strike.
 
 
 3
 The picketing at Champaign did not commence until July 12, 1957 which was on a Friday. The strike at Memphis had been in progress for four out of five working days in that week. The damages awarded by the court did not commence until July 12 and covered a thirty day period from July 12 through August 11, 1957.
 
 
 4
 No evidence was offered at the hearing on the remand by either party. The proof does not show that the District Judge allowed any damage resulting from the strike at Memphis.
 
 
 5
 Appellant argues that the evidence does not establish that there was a thirty day delay in completing the plant at Champaign and does not support the damages awarded by the court.
 
 
 6
 These issues were determined adversely to appellant in the original appeal and are not within the scope of the remand.
 
 
 7
 The judgment of the District Court entered on the remand is affirmed.
 
 
 
 1 U.S. Circuit Judge, Second Circuit, sitting by designation.